UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAYNE PATTERSON and WAYNE PATTERSON AS EXECUTOR OF THE ESTATE OF M. MARGARET PATTERSON | : : : : |
| v. | : C.A. No. 11-402 ML |
| NOVARTIS PHARMACEUTICALS CORPORATION | : : : |

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

**Background**

Before the Court is Defendant's Motion for Summary Judgment (Document No. 28) filed pursuant to Fed. R. Civ. P. 56. Defendant alleges that Plaintiffs' Complaint is barred by the applicable statute of limitations. Plaintiffs filed their Objection to the Motion for Summary Judgment (Document No. 36) on May 7, 2012. This matter has been referred to me for preliminary review, findings and recommended disposition. 28 U.S.C. § 636(b)(1)(B); LR Cv 72(a). A hearing was held on June 25, 2012. After reviewing the Memoranda submitted, listening to the arguments of the parties and conducting independent research, I recommend that Defendant's Motion for Summary Judgment be GRANTED.

**Statement of Facts**

Plaintiffs initially filed their Complaint in this Court on September 8, 2011. (Document No. 1). Plaintiffs' Eight-Count Amended Complaint was filed on May 30, 2012. (Document No. 43). While this case was pending, Plaintiff M. Margaret Patterson passed away. Therefore, the current Plaintiffs to the action are Mrs. Patterson's widower, Wayne Patterson, individually and in his

capacity as Executor of the Estate of M. Margaret Patterson. (Document No. 22). Plaintiffs seek recovery for injuries Mrs. Patterson suffered as a result of using the prescription drug Aredia. (Document No. 43, ¶ 1). Aredia, and its successor drug Zometa, are in a class of drugs known as bisphosphonates. The drugs are FDA-approved for the treatment and reduction of incidence of skeletal-related events. (Document No. 29, ¶ 2; Document No. 38, ¶ 2). Plaintiffs allege that Mrs. Patterson was prescribed and infused with Aredia from 2000 through 2006 to treat osteoporosis. (Document No. 37 ¶ 16). Aredia was unavailable in generic form until 2001. (Id., ¶ 17). Plaintiffs allege that Mrs. Patterson suffered osteonecrosis of the jaw bone as a result of using Defendant's drug. (Document No. 43, ¶ 1).

Plaintiffs' Amended Complaint alleges claims under theories of strict liability, negligence, breach of express and implied warranty, loss of consortium and claims under Mass. Gen. Laws ch. 93A. Plaintiffs initially pursued a claim against Defendant and the generic pharmaceutical drug manufacturers in the United States District Court for the District of Columbia on March 5, 2009. (Document No. 43, ¶ 6). On November 9, 2009, the claims against Novartis were separated from the claims against the generic drug manufacturers by the United States Judicial Panel on Multidistrict Litigation. (Id., ¶ 7). The claims against Aredia were transferred to the Middle District of Tennessee to be consolidated as part of MDL Case Number 1760 (In Re Aredia and Zometa Products Liability Litigation). The claims against the generic drug manufacturers were transferred to the Eastern District of New York. (Id.).

On March 15, 2010, Novartis moved to dismiss Plaintiffs' claims against it pursuant to Fed. R. Civ. P. 12(c) on the ground that the use of "and/or" to describe the drug manufacturer was insufficient to state a claim for relief against Novartis. (Id., ¶ 8). Over Plaintiffs' Objection, the

District Court for the Middle District of Tennessee granted the Motion and dismissed Plaintiffs' Complaint pursuant to Fed. R. Civ. P. 12(c). (Id., ¶ 9). Plaintiffs appealed to the Sixth Circuit Court of Appeals, and their appeal was denied. (Id., ¶¶ 10, 11). Shortly thereafter, Plaintiffs refiled the case in this District.

**Summary Judgment Standard**

A party shall be entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). When deciding a motion for summary judgment, the Court must review the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in the nonmoving party's favor. Cadle Co. v. Hayes, 116 F.3d 957, 959 (1st Cir. 1997).

Summary judgment involves shifting burdens between the moving and the nonmoving parties. Initially, the burden requires the moving party to aver "an absence of evidence to support the nonmoving party's case." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once the moving party meets this burden, the burden falls upon the nonmoving party, who must oppose the motion by presenting facts that show a genuine "trialworthy issue remains." Cadle, 116 F.3d at 960 (citing Nat'l Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995); Maldonado-Denis v. Castillo-Rodriguez, 23 F.3d 576, 581 (1st Cir. 1994)). An issue of fact is "genuine" if it "may reasonably be resolved in favor of either party." Id. (citing Maldonado-Denis, 23 F.3d at 581).

To oppose the motion successfully, the nonmoving party must present affirmative evidence to rebut the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256-257 (1986). "Even

in cases where elusive concepts such as motive or intent are at issue, summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, [or] unsupported speculation." Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990). Moreover, the "evidence illustrating the factual controversy cannot be conjectural or problematic; it must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve." Id. (quoting Mack v. Great Atl. & Pac. Tea Co., 871 F.2d 179, 181 (1st Cir. 1989)). Therefore, to defeat a properly supported motion for summary judgment, the nonmoving party must establish a trialworthy issue by presenting "enough competent evidence to enable a finding favorable to the nonmoving party." Goldman v. First Nat'l Bank of Boston, 985 F.2d 1113, 1116 (1st Cir. 1993) (citing Anderson, 477 U.S. at 249).

**Discussion**

Mrs. Patterson was a Massachusetts resident, and the facts underlying her injury occurred in Massachusetts. The parties agree that Massachusetts law governs this case, and the Court's review of the relevant cases confirms that Massachusetts is the appropriate choice of law. See, e.g., Harodite Indus. v. Warren Electrical Corp., 24 A.3d 514, 534 (R.I. 2011) (discussing Rhode Island's choice of law considerations). Massachusetts law provides for a three-year statute of limitations for tort claims, and a four-year statute of limitations for consumer protection claims. See Mass. Gen. Laws ch. 260, § 2A; and Mass. Gen. Laws ch. 260, § 5A. The "discovery rule" applies to claims in Massachusetts, and begins the ticking of the clock for purposes of the statute of limitations when a plaintiff discovers, or reasonably should discover, that he or she suffered harm as a result of a defendant's product. See Bowen v. Eli Lilly & Co., 557 N.E.2d 739, 741 (Mass. 1990).

Plaintiffs' initial claims filed in the District of Columbia District Court in March 2009 were tort claims and did not include any claims under the Massachusetts Consumer Protection Statute, Mass. Gen. Laws ch. 93A, and thus only the three-year statute of limitations was applicable. Defendant contends that Mrs. Patterson was on "actual notice" of her ONJ by late 2005. (Document No. 28-1 at p. 6). Thus, Defendant contends that this Complaint, filed in September 2011, six years after the date she was on notice of her claim, is untimely and must fail. At the hearing, Defendant's attorney argued that the initial action filed on March 5, 2009 in the District of Columbia was "time barred in the first place," and that the newly-asserted Chapter 93A claims are also time-barred. (Document No. 51 at p. 5).

Plaintiffs present the Court with four reasons why the statute of limitations does not bar the present claims. First, Plaintiffs argue that there are factual issues regarding when Mrs. Patterson discovered, or reasonably should have discovered, that she was harmed by Defendant's drug. Second, Plaintiffs claim that the Massachusetts Savings statute (Mass. Gen. Laws ch. 260, § 32) applies and renders the claims in this case timely, since they were the subject of a previous lawsuit which was timely filed on March 5, 2009, transferred to the MDL Panel and then dismissed for a "matter of form." (Document No. 39-4 at p. 2). In support of this argument, Plaintiffs contend that this case was filed within the one-year refiling period permitted by the Savings statute. Third, Plaintiffs claim that the Complaint is saved by cross-jurisdictional class action tolling from the time of accrual (no earlier than June 30, 2006) to November 14, 2007, when an Aredia class action filed in Tennessee was dismissed. Plaintiffs also posit that since this chapter 93A claim was filed within four years of November 14, 2007, it is timely, as well as the related tort claims. Finally, Plaintiffs

contend that the Court should apply equitable tolling to relieve them from dismissal. The Court considers each argument in turn.

### 1. Discovery of Mrs. Patterson's Claims

Plaintiffs contend that there is a factual dispute regarding discovery, and I concur. Defendant argues that Mrs. Patterson had actual notice of harm caused by Defendant's product in at least June 2005 and no later than the end of 2005. I find the evidence relied upon by Defendant to be ambiguous and insufficient to support resolution of the discovery issue as a matter of law. First, Defendant points to the Plaintiff Fact Sheet ("PFS") submitted by Mrs. Patterson in May 2009 as part of the MDL filing, in which she claims she was diagnosed with ONJ in June 2005 as support for the discovery date. (Document No. 29-4 at pp. 4-5). However, in the PFS, Mrs. Patterson actually identifies June 2005 as the "onset" date and she made that disclosure in 2009 with the benefit of hindsight. Id. The PFS is thus not probative of when Mrs. Patterson first knew, or reasonably should have known, that she had ONJ and that it was caused by Defendant's drug.

The second piece of evidence relied upon by Defendant is an August 11, 2005 medical record in which Plaintiff's doctor states that Mrs. Patterson is at risk for ONJ due to "past chronic high dose pamidronate use." (Document No. 29-11 at p. 2). The doctor's notes are not a definitive diagnosis of ONJ, and the doctor also stated that "the evidence for such an association is at present still anecdotal." Id. Third, Defendant points to medical records obtained from Mrs. Patterson's dentist which Defendant claims establish discovery in January 2006. These records do not conclusively establish that Plaintiff was aware, or should have been aware, of the ONJ at that time. (Document No. 47). Plaintiffs claim that Mrs. Patterson did not know of any link between her use of pamidronate and a risk of ONJ until June 30, 2006, when her doctor spoke to her about her risk.

(Document No. 29-12 at p. 2).  Accordingly, I find that Defendant has not met its burden of establishing the absence of any genuine issue of material fact regarding the claimed June 2005 claim discovery date.[1]

### 2. Massachusetts Savings Statute

Plaintiffs' reliance on the Massachusetts Savings statute (Mass. Gen. Laws ch. 260, § 32) is misplaced.  Pursuant to the Savings statute, "if an action is duly commenced within the limitations period" and then dismissed for certain limited reasons, a plaintiff may "commence a new action for the same cause within one year."  Rodi v. S. New England Sch. of Law, 389 F.3d 5, 18 (1st Cir. 2004).  The Savings statute only "saves" claims that are dismissed for, inter alia, a "matter of form" and not those dismissed on the merits.  Although a "matter of form" is not defined in the statute, "Massachusetts courts have focused on the question of whether or not the dismissal concerned the merits."  Corliss v. City of Fall River, 397 F. Supp. 2d 260, 266 (D. Mass. 2005).  See also Boutiette v. Dickinson, 54 Mass. App. Ct. 817, 768 N.E.2d 562 (Mass. App. Ct. 2002) (dismissal for lack of personal jurisdiction is for a "matter of form" under the Savings statute); and Ciampa v. Beverly Airport Comm'n, 38 Mass. App. Ct. 974, 650 N.E.2d 816 (Mass. App. Ct. 1995) (dismissal for bringing an action in the wrong court is a "matter of form" under the Savings statute).  In the present case, Plaintiffs' claims in the 2005 case were dismissed by the District Court pursuant to Fed. R.

---

[1] Following the hearing on this matter, the parties continued to conduct discovery, including taking several depositions.  On August 2, 2012, Defendant filed its Second Supplement to the Statement of Undisputed Facts and presented the Court with additional evidence as to the date Mrs. Patterson allegedly discovered or reasonably should have discovered her injury.  (Document No. 52).  Plaintiffs objected to the submission and filed a Motion to Strike. (Document No. 53).  I have reviewed the evidence submitted and considered it in light of the overall recommendations I am making on the Motion for Summary Judgment.  While the newly presented evidence does shed additional light on the potential discovery date, it does not tip the balance on the discovery issue as a matter of law.  Further, it is not necessary for the Court to enter the fray on this skirmish and determine if the post-hearing submission is proper or not. Since I am recommending that Defendant's Motion for Summary Judgment be granted on other legal grounds, the content of the Supplemental Facts and the resulting Motion to Strike do not alter the outcome of my Report and Recommendation.  Accordingly, the Motion to Strike (Document No. 53) is DENIED as MOOT.

Civ. P. 12(c). (Document No. 29-8). The Sixth Circuit Court of Appeals affirmed the dismissal. Patterson v. Novartis Pharm. Corp., No. 10-5886, 2011 WL 3701884 (6th Cir. Aug 23, 2011). Plaintiffs then sought to revive the case in this District.

The dismissal of the MDL case was based on Plaintiffs' use of the terms "and/or" in the Complaint to describe the maker of the drug that harmed her as being made by Novartis "and/or" a generic drug manufacturer. Thus, the Court found that Plaintiffs had not adequately plead that Defendant manufactured the drug that allegedly harmed Mrs. Patterson. Despite the dismissal being based on the Court's disapproval of the language used, the result for Plaintiffs was harsh because counsel did not request a conversion to a Motion for Summary Judgment under Fed. R. Civ. P. 12(d), did not sufficiently investigate the particular source of Mrs. Patterson's medication prior to filing suit, did not initially make a sufficiently particular Motion to Amend, and did not formally move to amend until it was too late, i.e., after the case had been dismissed. Although Plaintiffs characterize the dismissal as being "without prejudice," the Court's Order simply notes that Defendant's Motion for Judgment on the Pleadings is granted, and Plaintiff's claims are dismissed. (Document No. 39-4 at p. 2). The Order does not indicate that the dismissal was with leave to amend/refile or without prejudice. Id. Similarly, the Court's accompanying Memorandum does not indicate that the dismissal was without prejudice. (Document No. 29-8). The Court concluded that Plaintiffs' allegations were "speculative" and did not meet the pleading standard articulated in Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Id. at p. 5. In discussing the pleading deficiency in Plaintiffs' Complaint, the Court observed that:

> [t]he information as to which drug Margaret Patterson was given is information within the reach of the Plaintiffs, information held by Plaintiff Margaret Patterson's healthcare providers, in Plaintiff Margaret Patterson's medical records, information which was

>           available to Plaintiffs and, in compliance with Fed. R. Civ. P. 11,
>           should have been obtained by the Plaintiffs before this lawsuit was
>           filed.

Id. at p. 4.

Plaintiffs appealed the dismissal to the Sixth Circuit Court of Appeals arguing that the District Court erred by dismissing the Complaint without granting leave to conduct discovery and amend, and by refusing to consider information outside of the pleadings. See Patterson v. Novartis Pharm. Corp., 2011 WL 3701884 (6th Cir. Aug. 23, 2011). In rejecting Plaintiffs' appeal, the Sixth Circuit held that dismissal was appropriate because "Patterson's complaint does not plausibly allege that she received infusions of Aredia manufactured by Novartis." Id. at **1. Also, the Sixth Circuit found that the Court did not err by denying Plaintiff leave to conduct discovery or to amend her Complaint. Id. at **3. First, the Court indicated that "Twombly and Iqbal do not permit a plaintiff to proceed past the pleading stage and take discovery in order to cure a defect in a complaint." Id. Second, the Court reasoned that Plaintiffs were not entitled to leave to amend since their pre-dismissal request was "not sufficiently particular" and their post-dismissal request was too late and not preceded, as required at that juncture, by a motion "to alter, set aside, or vacate the judgment pursuant to Rule 59 or 60." Id. at **4. Thus, for these reasons, the Sixth Circuit affirmed the District Court's decision granting "judgment on the pleadings" to Defendant pursuant to Fed. R. Civ. P. 12(c).

The case law is clear that a dismissal under Rule 12 is a final decision on the merits. See, e.g., U.S. ex rel. Karvelas v. Melrose-Wakefield Hosp., 360 F.3d 220, 241 (1st Cir. 2004) ("in the absence of a clear statement to the contrary, a dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is presumed to be with prejudice"); and AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)

("dismissal for failure to state a claim is treated as a dismissal on the merits, and there is abundant case law to this effect"). In fact, Rule 12(c) by its terms provides a mechanism for obtaining "judgment on the pleadings" which Defendant successfully did in the MDL case. See Carr v. Tillery, 591 F.3d 909, 919 (7th Cir. 2010) (motion under Rule 12(c) is one for "dismissal on the merits"); and Collins v. Purdue Univ., 703 F. Supp. 2d 862, 881 (N.D. Ind. 2010) ("All grants of judgment on the pleadings [pursuant to Rule 12(c)] are to be entered as final judgments on the merits."). Accordingly, I find that Plaintiffs' claims were not previously dismissed for a "matter of form" and reject the Plaintiffs' argument that the Massachusetts Savings statute renders these claims to be timely filed.

### 3. Cross-Jurisdictional Class Action Tolling

Plaintiffs' cross-jurisdictional class-action tolling argument asks this Court to engage in an exercise of legal gymnastics to save Plaintiffs' Complaint. In particular, Plaintiffs argue that the filing of an Aredia class action in Tennessee tolled the statute of limitations nationally until such action was dismissed on November 14, 2007. The issue of such tolling is controversial, and Plaintiffs have not identified any Massachusetts cases adopting the theory. Moreover, the case law indicates that "few states" adopt such tolling for class actions filed in another jurisdiction and that "several federal courts have declined to import the doctrine into state law where it did not previously exist." Clemens v. DaimlerChrylser Corp., 534 F.3d 1017, 1025 (9th Cir. 2008) (citing Wade v. Danek Med., Inc., 182 F.3d 281, 287-288 (4th Cir. 1999)). I decline to apply cross-jurisdictional class action tolling in the present case, since Plaintiffs have not shown that Massachusetts has adopted tolling of this nature, nor that it would. It is not this Court's role sitting in diversity to

create new state law in Massachusetts; thus I reject the arguments advanced by Plaintiffs on these grounds.

### 4. Equitable Tolling

Plaintiffs' final contention is that this Court should apply equitable tolling in this case to save their claims. "Equitable tolling is a sparingly used doctrine generally limited to instances of excusable ignorance, defective pleading, or misconduct by the [opposing party]." Coyne v. Nascimento, 78 Mass. App. Ct. 1110, 937 N.E.2d 522 (Mass. App. Ct. 2010); see also Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 95-96 (1990) (equitable tolling has been extended only "sparingly" by federal courts in cases where a claimant has actively pursued judicial remedies by filing a defective pleading during the filing period or has been induced or tricked by an adversary's misconduct into allowing the filing deadline to pass). Plaintiffs fail, however, to point the Court to any misconduct by Defendant or its counsel or other circumstances to warrant such extraordinary equitable relief in this case. Plaintiffs are primarily in this predicament because of the way counsel drafted the original Complaint and handled the case in the MDL. Further, even if this Court felt that the MDL judge was too harsh in his rulings, there is no recourse here because Plaintiffs' remedy was to appeal to the Sixth Circuit Court of Appeals to redress any error or perceived injustice, which they unsuccessfully did. It is not this Court's role to give Plaintiffs another bite at the apple because Plaintiffs believe their case was mishandled in the MDL by that Court or their counsel.

### Conclusion

For these reasons, I recommend that Defendant's Motion for Summary Judgment (Document No. 28) be GRANTED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

 /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
August 28, 2012