UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYNE PATTERSON and WAYNE
PATTERSON AS ADMINISTRATOR OF THE
ESTATE OF M. MARGARET PATTERSON,
        Plaintiffs,

v.                                           C.A. No. 11-402

NOVARTIS PHARMACEUTICALS
CORPORATION,
        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' objection and Defendant's partial objection to a Report and Recommendation issued by United States Magistrate Judge Lincoln D. Almond. Magistrate Judge Almond recommended that Defendant's motion for summary judgment be granted. For the reasons set forth below, this Court adopts the recommendation of the Magistrate Judge.

I. Standard of Review

Upon the filing of specific written objections, the Court must conduct a plenary review of a Report and Recommendation addressing dispositive pretrial matters. See Fed. R. Civ. P. 72(b). The Court must "determine de novo any part of the [M]agistrate [J]udge's disposition that has been properly objected to." Id. at (3). The Court may "accept, reject, or modify the recommended disposition, receive further evidence; or return the matter to the [M]agistrate [J]udge with instructions." Id.

1

II. Objections to the Report and Recommendation

Plaintiffs object to the Magistrate Judge's findings that (1) the Massachusetts savings statute, Mass. Gen. Laws. ch. 260, § 32, (2) cross-jurisdictional class-action tolling, and (3) equitable tolling, are not applicable to Plaintiffs' complaint and thus do not toll the statute of limitations.  Defendant objects to the Magistrate Judge's finding that Defendant did not meet its burden in establishing an absence of a genuine issue of material fact concerning Defendant's proffered date of accrual for Plaintiffs' claims.

III.  Procedural Background

On March 3, 2009, Plaintiffs filed a complaint ("2009 complaint") against Defendant and eight generic drug manufacturers in the United States District Court for the District of Columbia.[1]  Plaintiffs sought recovery for injuries sustained under theories of strict liability, negligence, and breach of warranty.  The complaint stated that the drug that harmed Plaintiffs was made by Defendant "and/or" a generic drug manufacturer.  On December 18, 2009, the case was transferred by the Judicial Panel On Multidistrict Litigation to the United States District Court for the Middle District of Tennessee ("MDL court").  On March, 15, 2010, Defendant moved for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  On April 21, 2010, the MDL court granted Defendant's motion and dismissed the case.  Plaintiffs then filed a motion to amend the April 21 order, or in the alternative, a motion for leave to file an amended complaint.  The MDL court denied that motion and Plaintiffs appealed to the Sixth Circuit.  On August 23, 2011, the Sixth Circuit affirmed the dismissal.  On September 8, 2011, Plaintiffs filed a

---

[1] When the 2009 complaint was filed, Plaintiffs were Margaret Patterson and her husband Wayne Patterson. Mrs. Patterson, however, is now deceased and Mr. Patterson has been substituted as the party Plaintiff in this action.

complaint in this Court asserting "virtually identical" causes of action and a claim under Massachusetts General Laws chapter 93A.[2] Plaintiffs' Objections to the Report and Recommendation at 10.

## IV. Analysis

The Court held oral argument on the parties' objections to the report and recommendation and has performed its own independent research of the pertinent issues. At oral argument, Plaintiffs' counsel conceded that, for purposes of this motion, the date of accrual of the causes of action in the complaint is June 30, 2006. Counsel also conceded that, unless a tolling provision applies, the complaint was filed out of time.[3]

### A. The Massachusetts Savings Statute

Plaintiffs contend that because the Sixth Circuit affirmed the dismissal of the 2009 complaint on August 23, 2011, and Plaintiffs re-filed the matter in this court on September 8, 2011, the Massachusetts savings statute, Mass. Gen. Laws ch. 260, § 32, applies and "saves" the complaint.[4] The Massachusetts savings statute provides, in part, that if an action

> is dismissed for insufficient service of process by reason of an unavoidable accident or of a default or neglect of the officer to whom such process is committed or is dismissed because of the death of a party or for any matter of form . . . the plaintiff or any person claiming under him may commence a new action for the same cause within one year after the dismissal or other

---

[2] This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1332. The parties agree that the substantive law of Massachusetts applies. See Borden v. Paul Revere Life Insurance Co., 935 F.2d 370 (1st Cir. 1991) (federal court sitting in diversity is free to forgo a choice of law analysis and accept the parties' agreement about which state law controls).

[3] These concessions were not made before the Magistrate Judge.

[4] In diversity cases, state law governs the tolling of the limitations period. Henry v. Sheffield, 856 F. Supp. 2d 345 (D.R.I. 2012). Massachusetts law provides for a three year statute of limitations for tort claims and a four year statute of limitations for a Massachusetts General Laws chapter 93A claim. See Mass. Gen. Laws ch. 260, §§ 2A, 5A.

> determination of the original action . . . .

Mass. Gen. Laws. ch 260, § 32 (emphasis added). The statute "permits refiling, within one year, of an action that was timely brought but dismissed 'for any matter of form.'" <u>Kenney v. Massachusetts Department of Unemployment Assistance</u>, No. 11-40231-FDS, 2012 WL 1231949, at *1 (D. Mass. April 11, 2012).[5] As the Magistrate Judge noted,

> [i]n cases considering whether or not a case was dismissed for a 'matter of form', Massachusetts courts have focused on the question of whether or not the dismissal concerned the merits. That is the essence of what is presupposed when addressing what it means to be a 'matter of form.'

<u>Corliss v. City of Fall River</u>, 397 F. Supp. 2d 260, 266 (D. Mass. 2005); <u>see</u> <u>also</u> <u>Rodi v. Southern New England School of Law</u>, 389 F.3d 5, 18 (1st Cir. 2004) (describing an earlier version of the statute and noting that the Massachusetts legislature enacted the savings statute to ensure that "where [a] plaintiff has been defeated by some matter <u>not affecting the merits</u> . . . which he can remedy or avoid by a new process, the statute of limitations shall not prevent him from doing so") (internal quotation marks and citation omitted) (emphasis added) .

The Magistrate Judge determined that, because the 2009 complaint was dismissed "on the merits," the Massachusetts savings statute did not apply to Plaintiffs' claims. Plaintiffs object to that determination and argue that the Magistrate Judge placed an "unreasonable and unjustified meaning" on the language of the savings statute. Plaintiffs' Objections to the Report and Recommendation at 6. Plaintiffs contend that the Magistrate Judge erred in determining the nature of the dismissal of the 2009 complaint. Plaintiffs argue that because Defendant's statement of undisputed facts stated that the 2009 complaint was dismissed without prejudice,

---

[5] The Court assumes, without deciding, that the year period under Mass. Gen. Laws. ch. 260, § 32 began to run at the time the Sixth Circuit court issued its decision.

and Plaintiffs did not dispute that assertion, the Magistrate Judge could not find that the 2009 complaint was dismissed with prejudice. In essence, Plaintiffs argue that because the parties agreed that the 2009 complaint was dismissed without prejudice, the Magistrate Judge was precluded from finding that the 2009 complaint was dismissed "on the merits." Plaintiffs assert that the dismissal was for a "matter of form," thus falling within the protection of the Massachusetts savings statute.

The nature of the 2009 dismissal is not a question of fact, but one of law. Courts "are not bound to accept as controlling, stipulations as to questions of law." TI Federal Credit Union v. DelBonis, 72 F.3d 921, 928 (1st Cir. 1995) (internal quotation marks and citation omitted); see also Neuens v. City of Columbus, 303 F.3d 667, 670 (6th Cir. 2002).[6] Neither the MDL court's decision, nor the Sixth Circuit's opinion, stated whether the dismissal was with or without prejudice. "[I]n the absence of any notation to the contrary, we presume that a dismissal is with prejudice." Velazquez-Rivera v. Sea-Land Service, Inc., 920 F.2d 1072, 1075 n.5 (1st Cir. 1990); see also Pratt v. Ventas, Inc., 365 F.3d 514, 523 (6th Cir. 2004); Owner Operator Independent Drivers Association, Inc. v. Comerica Bank, 540 F. Supp. 2d 925 (S.D. Ohio 2008).

Notwithstanding that presumption, however, the MDL court granted Defendant's motion for judgment on the pleadings. A decision pursuant to a motion under Fed. R. Civ. P. 12(c) is a decision on the merits in both the First and Sixth Circuits. A Fed. R. Civ. P. 12(c) motion "calls

---

[6]A court sitting in diversity must apply federal procedural law and the substantive law of the forum state. In re Volkswagen and Audi Warranty Extension Litigation, 692 F.3d 4 (1st Cir. 2012). As noted, however, the 2009 complaint was transferred to an MDL. Multidistrict litigation transferee courts apply interpretations of federal law of the circuit in which they sit. Riojas v. C.R. Bard, Inc., 07-MD-1842-ML, 09-CV-02809-ML, 2009 WL 1249293 (D.R.I. May 4, 2009). The Court, however, need not enter the fray of determining whether to apply First or Sixth Circuit procedural law to determine the nature of the dismissal because First and Sixth Circuit law are in accord.

for an <u>assessment of the merits</u> of the case at an embryonic stage. . . ." <u>Perez-Acevedo v. Rivero-Cubano</u>, 520 F.3d 26, 29 (1st Cir. 2008) (internal quotation marks and citation omitted) (emphasis added); <u>see</u> also <u>Jones v. Binette</u>, 19 Fed. App'x 6, 6-7 (1st Cir. 2001) (per curiam) (unpublished) (Mass. Gen. Laws ch. 260, § 32 was not applicable to plaintiff's claim because, <u>inter alia</u>, dismissal "was also based in part on plaintiff's failure to state a claim" which was "<u>an adjudication on the merits</u>, as to which principles of res judicata apply <u>and [ch. 260, § 32] . . . has no pertinence</u>") (emphasis added) (quoting <u>Liberace v. Conway</u>, 574 N.E.2d 1010, 1013 (Mass. App. Ct. 1991)); <u>Ogle v. Church of God</u>, 153 Fed. App'x 371, 375 (6th Cir. 2005) (unpublished) ("the Rule 12(c) motion is a decision on the merits . . ."); <u>Asmar v. Detroit News, Inc.</u>, 836 F.2d 1347 (6th Cir. 1988) (unpublished); <u>see</u> generally <u>Pollard v. Boston Redevelopment Authority</u>, 975 N.E.2d 906 (Mass. App. Ct. 2012) (unpublished) (judgment on the pleadings was an appropriate mechanism for obtaining judicial review of the merits); <u>McCann v. Sullivan</u>, No. 11-01476-B, 2012 WL 4928871 (Mass. Super. Oct. 3, 2012) (dismissal under Mass. R. Civ. P. 12(b)(6)[7] for failure to state a claim is an adjudication on the merits, thus Mass. Gen. Laws ch. 260, § 32 does not apply).

    The Court concurs with the Magistrate Judge's analysis and conclusion that the Massachusetts savings statute does not apply to this matter. The 2009 complaint was dismissed on the merits pursuant to Fed. R. Civ. P. 12(c). Consequently, because that complaint was not dismissed for any matter of form, the Massachusetts savings statute "has no pertinence" to Plaintiffs' complaint. <u>Jones</u>, 19 Fed. App'x at 6-7.

---

[7]In Massachusetts a motion for judgment on the pleadings is "akin to a motion under Mass R. Civ. P. 12(b)(6)" and thus is "actually a motion to dismiss . . . [that] argues that the complaint fails to state a claim upon which relief can be granted." <u>Jarosz v. Palmer</u>, 766 N.E.2d 482, 487 (Mass. 2002).

B. Cross-Jurisdictional Tolling

Plaintiffs contend that the Magistrate Judge failed to perform an in-depth analysis of a question of first impression, i.e, whether Massachusetts courts would recognize cross-jurisdictional class-action tolling, and that he simply rejected the doctrine on the principle that Plaintiffs did not produce any Massachusetts authority adopting it. Plaintiffs argue that this Court, sitting in diversity, must determine state law when a question of state law is squarely before it.

"Where a federal court must interpret an area of unsettled state law, its task is to forecast how the highest court of that state would decide the issue." Fontes v. City of Central Falls, 660 F. Supp. 2d 244, 249 (D.R.I. 2009) (internal quotation marks and citation omitted). In performing this task, the Court may look to "analogous state court decisions, adjudications in cases elsewhere, and public policy imperatives." Ryan v. Royal Insurance Co. of America, 916 F.2d 731, 734-35 (1st Cir. 1990) (internal quotation marks and citation omitted). Where questions of first impression are involved, a federal court can assume that the state's highest court would adopt a view which seems best supported by "the force of logic and better-reasoned authorities." Id. at 739. Federal courts espousing on state law, however, must "exercise considerable caution when considering the adoption of a new application." Doyle v. Hasbro, Inc., 103 F.3d 186, 192 (1st Cir. 1996); see also Ed Peters Jewelry Co., Inc. v. C & J Jewelry Co. Inc., 124 F.3d 252, 263 (1st Cir. 1997) (court siting in diversity should not "trailblaz[e]" new initiatives under state law).

Under *federal* law, "the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit

been permitted to continue as a class action." American Pipe and Construction Company v. Utah, 414 U.S. 538, 554 (1974). "Once the statute of limitations has been tolled, it remains tolled for all members of the putative class until class certification is denied." Crown, Cork & Seal Co., Inc. v. Parker, 462 U.S. 345, 354 (1983). American Pipe and Crown, Cork & Seal describe "a tolling doctrine applicable within the same jurisdiction; that is, statutes of limitations in federal cases will be tolled pending the outcome of class certifications sought in federal court."

Maestas v. Sofamor Danek Group, Inc., 33 S.W.3d 805, 807 (Tenn. 2000) (emphasis added). Cross-jurisdictional class-action tolling, however, is "a rule whereby a court in one jurisdiction tolls the applicable statute of limitations based on the filing of a class action in another jurisdiction." Quinn v. Louisiana Citizens Property Insurance Corp., ___ So.3d ___, 2012 WL 5374255, at *10 n.7 (La. 2012) (internal quotation marks and citation omitted).

  Plaintiffs aver that it is a "virtual certainty" that the Massachusetts Supreme Court would adopt cross-jurisdictional class-action tolling because of the "generous nature of Massachusetts decisional law on tolling" and because Massachusetts courts recognize *intra*-jurisdictional class-action tolling. Plaintiffs' Objections to the Report and Recommendation at 15. Plaintiffs, however, do not support their argument with any convincing authority or pertinent analysis.

  The Massachusetts Supreme Judicial court has not addressed the issue of cross-jurisdictional class-action tolling. As the Magistrate Judge noted, cross-jurisdictional tolling is a somewhat controversial theory.

> The jurisprudence [on cross-jurisdictional tolling] is not yet thoroughly developed. The majority of states have not yet had occasion to address the issue directly and the states that have considered cross-jurisdictional tolling have been split in their acceptance of the doctrine and the rationale for their decisions.

Quinn, 2012 WL 5374255, at *7 (footnote omitted); see also Soward v. Deutsche Bank AG, 814 F. Supp. 2d 272, 278-79 (S.D.N.Y. 2011) (noting only a "small fraction of states" have addressed the issue and there is "no clear consensus among them") (internal quotation marks and citation omitted).[8] Furthermore, a number of federal courts sitting in diversity "have been disinclined to import cross-jurisdictional tolling into the law of a state that has not ruled on the issue." In re Fosamax Products Liability Litigation, 694 F. Supp. 2d 253, 258 (S.D.N.Y. 2010), aff'd,, Casey v. Merck & Co. Inc., 678 F.3d 134 (2d Cir. 2012). One federal court has declined to import the doctrine of cross-jurisdictional tolling into Massachusetts law "in the absence of authority that establishes that Massachusetts law recognizes such tolling . . . ." In re TFT-LCD (Flat Panel) Antitrust Litigation, Nos. M 07-1827 SI, C 11-3856 SI, MDL No. 1827, 2012 WL 3155693 at *4 (N.D. Cal. Aug. 2, 2012).

Plaintiffs, Massachusetts residents, chose to file this complaint in Federal Court in Rhode Island instead of in Massachusetts state court. Plaintiffs are the "master[s] of the forum and [are] empowered to choose the court system and venue in which litigation will proceed." Youtsey v. Avibank Manufacturing, Inc., 734 F. Supp. 2d 230, 237 (D. Mass. 2010) (internal quotation marks and citation omitted). Plaintiffs were well aware that Massachusetts state law on tolling would play a crucial, if not decisive, role in this matter. Notwithstanding that important

---

[8] Although not an exhaustive analysis, the Court has identified two state supreme courts, Stevens v. Novartis Pharmaceuticals Corp., 247 P.3d 244 (Mont. 2010) and Vaccariello v. Smith & Nephew Richards, Inc., 763 N.E.2d 160 (Ohio 2002), and four lower state courts, Blanco v. AMVAC Chemical Corp., No. N11C-07-149 JOH, 2012 WL 3194412 (Del. Super. Ct. Aug. 8, 2012); Lee v. Grand Rapids Board of Education, 384 N.W.2d 165 (Mich. Ct. App. 1986); Hyatt Corp. v. Occidental Fire & Cas. Ins. Co. of N.C., 801 S.W.2d 382 (Mo. Ct. App. 1990); Staub v. Eastman Kodak Co., 726 A.2d 955 (N.J. Super. Ct. App. Div. 1999), that have adopted the doctrine of cross-jurisdictional tolling. The Court has identified five state supreme courts, Portwood v. Ford Motor Co., 701 N.E.2d 1102 (Ill. 1998); Quinn, __ So.3d __, 2012 WL 5374255 (La. 2012); One Star v. Sisters of St. Francis, Denver, Co., 752 N.W.2d 668, 681 n.4 (S.D. 2008); Maestas, 33 S.W.3d 805 (Tenn. 2000); Casey v. Merck & Co., 722 S.E.2d 842 (Va. 2012), and two lower state courts, Ravitch v. Pricewaterhouse, 793 A.2d 939 (Pa. Super. Ct. 2002) and Bell v. Showa Denko K.K., 899 S.W.2d 749 (Tex. Ct. App. 1995), that have rejected the doctrine.

pass

consideration, Plaintiffs chose a federal venue. "The First Circuit has cautioned that a plaintiff should not choose a federal forum when it seeks to assert a novel state law [theory]." Woodfords Family Services, Inc. v. Casey, 832 F. Supp. 2d 88, 99 (D. Me. 2011).

> We have warned, time and again, that litigants who reject a state forum in order to bring suit in federal court under diversity jurisdiction cannot expect that new trails will be blazed. In effect [Plaintiffs have] asked [the Court] . . . to stretch [Massachusetts] law to reach an unknown and unexplored frontier. [Plaintiffs have] however, given [the Court] no well-plotted roadmap showing an avenue of relief that the state's highest court would likely follow. In such circumstances, [Plaintiffs'] supplication must be rejected. Here again, [w]e may, perhaps, be unadventurous in our interpretation of [state] law, but a plaintiff who seeks out a federal venue in diversity jurisdiction should anticipate no more.

Ryan, 916 F.2d at 744 (internal quotation marks and citation omitted); see also Putnam Resources v. Pateman, 958 F.2d 448, 470 n.25 (1st Cir. 1992) (plaintiff's "effort to cram this square peg of diversity case into a round state-law hole is particularly disconcerting" because plaintiff "chose a federal forum" instead of a state one); Santiago v. Sherwin Williams Co., 3 F.3d 546, 549 (1st Cir. 1993) (when a plaintiff "invokes diversity jurisdiction" and chooses a federal court to bring a state law claim the "survey is somewhat circumscribed" as the plaintiff cannot expect the "federal court to steer state law into unprecedented configurations") (internal quotation marks and citation omitted). Without a "well-plotted" path showing an "avenue of relief" that the Massachusetts Supreme Judicial Court would take on cross-jurisdictional class-action tolling, and with no apparent consensus among the few states that have addressed the question, this Court declines Plaintiffs' invitation and refuses to embark into an "unexplored frontier" and import cross-jurisdictional class-action tolling into Massachusetts state law. Ryan, 916 F.2d at 744.

C.  Equitable Tolling

Plaintiffs argue that the Magistrate Judge employed the wrong standard in addressing Plaintiffs' equitable tolling argument.  Plaintiffs contend that the Court should invoke equitable tolling because of the "extremely odd circumstances of this case. . . ."  Plaintiffs' Objection to the Report and Recommendation at 14.

The doctrine of equitable tolling is used sparingly and is available only in limited circumstances.  Shafnacker v. Raymond James & Associates, Inc., 683 N.E.2d 662 (Mass. 1997).  Equitable tolling is generally limited to circumstances involving excusable ignorance, or where a defendant affirmatively misled a plaintiff, or where a plaintiff "has actively pursued his judicial remedies by filing a defective pleading during the statutory period."  Id. at 666 (quoting Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)).  Courts however, have been less inclined to apply equitable tolling "where the claimant failed to exercise due diligence in preserving his legal rights."  Irwin, 498 U.S. at 96.

Plaintiffs contend that the doctrine of equitable tolling should be applied because it was "precisely defective pleading" that led to the dismissal of the 2009 complaint.  Plaintiffs' Objections to the Report and Recommendation at 17.  As noted above, Plaintiffs filed the 2009 complaint in the United States District Court for the District of Columbia on March 3, 2009.  The matter was then transferred to the MDL court in the Middle District of Tennessee on December 18, 2009.  Defendant filed a motion for judgment on the pleadings on March 15, 2010.  The MDL court granted Defendant's motion and dismissed the 2009 complaint because the complaint did not adequately allege that Mrs. Patterson received infusions of Aredia manufactured by Defendant.  It was Plaintiffs' position however, that "[w]ithout discovery, the

exact identity of the manufacturers who injured Mrs. Patterson remains unknown." In re: Aredia and Zometa Products Liability Litigation, No. 3-06-MD-1760 (M.D. Tenn.), Plaintiffs' Response to Defendant's Motion for Judgment on the Pleadings at 2, (Docket # 3206). The MDL court, however, found that that assertion was, at best, less than accurate, and at worst, a violation of Fed. R. Civ. P. 11.

> The information as to which drug Margaret Patterson was given is information within the reach of the Plaintiffs, information held by Plaintiff Margaret Patterson's healthcare providers, in Plaintiff's Margaret Patterson's medical records, information which was available to Plaintiffs and, in compliance with Fed. R. Civ. P. 11, should have been obtained by the Plaintiffs before the lawsuit was filed.

In re: Aredia and Zometa Products Liability Litigation, No. 3-06-MD-1760, slip op. at 3 (M.D. Tenn. April 21, 2010), (Docket # 3259). The MDL court did not address Plaintiffs' undeveloped request to amend the complaint inserted at the very end of its response to Defendant's motion. On May 12, 2010, Plaintiffs filed a motion to amend the MDL court's order dismissing the case, or in the alternative, for leave to amend the complaint. The MDL court denied Plaintiffs' motion and Plaintiffs appealed.

The Sixth Circuit affirmed the MDL court's dismissal of the complaint. Patterson v. Novartis Pharmaceuticals Corporation, 451 Fed. App'x 495 (6th Cir. 2011) (unpublished). The Sixth Circuit also affirmed the MDL court's initial denial of the request to amend the complaint because the Plaintiffs' "request was not sufficiently particular." Id. at 499. The Sixth Circuit also affirmed the MDL court's denial of Plaintiffs' motion to amend the MDL court's order dismissing the case, or in the alterative, leave to amend. Id.

Plaintiffs argue that this Court should apply equitable tolling because the 2009 complaint was "defective." That self-serving label alone, however, is not sufficient to invoke the doctrine

of equitable tolling in this instance.  The 2009 complaint was dismissed for failure to state a claim.  The record does not reflect any evidence that Plaintiffs were induced or tricked by any misconduct on the part of Defendant.  This case "is a classic example of a party [fail]ing to exercise due diligence in preserving his [or her] legal rights."  de Casenave v. United States, 991 F.2d 11, 13 (1st Cir. 1993) (quoting Irwin, 498 U.S. at 96); see also Muth v. United States, 1 F.3d 246, 251 (4th Cir. 1993) (district court did not err in declining to apply equitable tolling where the plaintiff "did not exercise due diligence by actively investigating the basis for his claim").  The Magistrate Judge did not err in refusing to apply the doctrine of equitable tolling.

For the reasons stated, the Court adopts the recommendation of the Magistrate Judge. Defendant's motion for summary judgment is granted.  The clerk is directed to enter judgment for the Defendant.[9]

SO ORDERED

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
December 19, 2012

---

[9] The Court finds no merit in Defendant's partial objection to the Magistrate Judge's report regarding Defendant's proffered date of accrual for Plaintiffs' claims.